NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRINIDAD MARCIAL LORENZO, AKA
Jose Almazan,

                Petitioner,

    v.

MATTHEW G. WHITAKER, Acting
Attorney General,

                Respondent.

No.    17-73508

Agency No. A088-884-126

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:      WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Trinidad Marcial Lorenzo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his application for asylum, withholding for removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law, except to the extent that deference is owed to the BIA's interpretation of governing statutes and regulations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review the agency's factual findings for substantial evidence. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Marcial Lorenzo demonstrated changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4).

As to withholding of removal, substantial evidence supports the agency's finding that Marcial Lorenzo failed to establish a nexus between a protected ground and the harm his family members suffered. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground"); *Lolong v. Gonzales*, 484 F.3d 1173, 1180 & n.4 (9th Cir. 2007) (noting that evidence of violence directed at an applicant's family members does not necessarily establish that the applicant will be individually targeted for persecution). Further, the agency did not err in finding that "adult male recent Mexican non-consensual returnees" is not a cognizable social group for

withholding of removal purposes. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (explaining that Mexicans returning home who behave like "wealthy Americans" do not constitute a cognizable social group); *Delgado-Ortiz*, 600 F.3d at 1151-52 (explaining that "returning Mexicans from the United States" is not a cognizable social group). Thus, Marcial Lorenzo's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Marical Lorenzo failed to establish that it was more likely than not that he would be tortured at the instigation of, or with the consent or acquiescence of, the Mexican government. *See Delgado-Ortiz*, 600 F.3d at 1152 (explaining that generalized evidence of violence and crime in Mexico is insufficient to meet the standard for CAT relief).

**PETITION FOR REVIEW DENIED.**